UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE: PHENYLPROPANOLAMINE (PPA) PRODUCTS LIABILITY LITIGATION, _____ This document relates to: *Payne v. Bayer Corp.*, C05-1032 | MDL NO. 1407 ORDER GRANTING IN PART and DENYING IN PART BRISTOL-MYERS SQUIBB COMPANY'S MOTION FOR DISMISSAL |

   This matter comes before the court on a motion for dismissal by defendant Bristol-Myers Squibb Company ("BMS"). BMS seeks dismissal of plaintiff Linda Payne's putative claims for negligence, fraud, misrepresentation, conspiracy under articles 2315-2317 of the Louisiana Civil Code, and her claims for breach of warranty against redhibitory defects, arguing that the Louisiana Product Liability Act is the exclusive theory of recovery available to plaintiff. BMS also asks the court to dismiss plaintiff's punitive damages claims, which defendant argues are not recognized under Louisiana law.

   Plaintiff concedes that Louisiana law prevents recovery on redhibition claims for non-economic losses, and relinquishes her punitive damages claims, if any. Plaintiff concedes that the LPLA

ORDER
Page - 1 -

preempts common law claims, but argues that references in her complaint to conspiracy, fraud, negligence, strict liability are not claims for such, but elements of her LPLA claim. Finally, plaintiff's response to defendant's motion to dismiss any claims under articles 2315-2317 of the Louisiana Civil Code is that her complaint "clearly indicates that Plaintiff is basing her theories of recovery on Louisiana statutory law." Response at 6. Defendant did not file a reply.

The parties therefore agree that non-LPLA claims such as negligence, conspiracy, misrepresentation, fraud, etc. are disallowed under Louisiana law. The court finds that "dismissal" of these "claims" is not appropriate, however, as such theories enumerated in the complaint are set forth as elements of plaintiff's LPLA claims, and not independent claims per se. Plaintiff does appear to be making claims based on Louisiana Civil Code articles 2315-2317, however, where she asserts in her complaint that "Defendants are liable unto Complainant pursuant to Louisiana Civil Code Articles 2315-1217." Her response – that she is making a claim pursuant to Louisiana statutory law – does not refute defendant's argument that these claims are incompatible with the LPLA. Any such claims are therefore dismissed.

The parties also appear to agree that non-economic redhibitory claims and punitive damages are disallowed under Louisiana law; any such claims in the complaint are hereby dismissed.

Defendant's motion is therefore granted in part and denied

ORDER
Page - 2 -

1  in part as outlined above.
2        DATED at Seattle, Washington this 23rd day of August,
3  2005.
4                                   _____
                                    BARBARA JACOBS ROTHSTEIN
5                                   UNITED STATES DISTRICT JUDGE

ORDER
Page - 3 -